**Willie ENRIQUEZ, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 81–CR–809–G.**

Court of Appeals of Texas, Corpus Christi.

July 26, 1982.

J.A. Canales, Canales & Garza, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment (order) of the 319th District Court of Nueces County, Texas, wherein the judge of that court revoked appellant's bail bond pending an appeal of a prior conviction. We affirm.

Appellant was convicted in a district court of Nueces County, Texas, on December 2, 1981, of the offense of involuntary manslaughter. The jury assessed punishment at two years imprisonment in the Texas Department of Corrections and also imposed a $5,000.00 fine. The appeal of that case is presently pending before this Court. Appellant's bail bond was continued by the trial court pending the appeal.

On December 28, 1981, appellant, while out on bail, was arrested for the alleged theft of some automobile tires. Following his arrest, he made and signed a written statement wherein he admitted taking three tires from a certain automobile therein described in the confession.

On March 24, 1982, the State filed a motion to revoke appellant's bond. In that motion, the State alleged that appellant committed the offense of theft on December 28, 1981, and "stands charged by indictment 82–CR–54C, styled The State of Texas vs. Willie Enriquez & Cleveland Gilcrease."

The trial court, after a hearing wherein both the State and appellant presented evidence, revoked the bond and ordered that appellant be remanded to the custody of the sheriff of Nueces County, Texas, pending final disposition of his appeal. The judgment (order) was signed on May 4, 1982. It, in pertinent part, reads as follows:

"... it appears to the Court that the Appellant committed the offense of theft on December 28, 1981, while on bond pending appeal in this cause as alleged in said Motion; and it further appears to the Court that the Appellant is likely to commit another offense while on bail pending appeal."

Tex.Code Crim.Pro.Ann. art. 44.04(c) (Vernon Supp.1981), in pertinent part, provides:

"... (c) Pending the appeal from any felony conviction where the punishment does not exceed fifteen years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant ... is likely to commit another offense while on bail, ...."

■ As a threshold matter, we note that appellant's brief does not contain any specific, formal grounds of error. It does not conform to the briefing rules set out in Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon Supp.1982), wherein it is plainly stated:

"... This brief shall set forth separately each ground of error of which the appellant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court ... which are designated to be complained of in such a way so that the point of objection can be clearly identified and understood by the court."

The brief is merely conclusory, cites no authority and, as already noted, contains no specific grounds of error. Appellant, therefore, has presented nothing for review. *Evans v. State,* 614 S.W.2d 414, 415 (Tex.Cr. App.1981); *Hawkins v. State,* 613 S.W.2d 720, 723 (Tex.Cr.App.1981); *Alcorta v. State,* 626 S.W.2d 838, 840 (Tex.App.—Corpus Christi 1981).

The State, in its brief, says:

"Appellant apparently contends the trial judge abused his discretion by revoking the bond in question...."

During oral argument, counsel for appellant argued that the trial judge did abuse his discretion by revoking the bond. Even if *we were to consider appellant's brief sufficient* to raise the point that the trial court abused his discretion in the matter, which we do not do, the point, being without merit, would be overruled.

■ Appellant's brief consists of ten paragraphs. In paragraphs one, two and three, he sets out the procedural history pertinent to the matter now before this Court. In paragraph four, he states that "the State dismissed the theft indictment that was used as a basis to revoke the bond." Assuming, arguendo, that appellant had presented a proper ground of error relating to such dismissal, we would not consider this paragraph in disposing of this appeal since that action, if any, by the State occurred *after* the order revoking the bond was rendered. In paragraph five, appellant says that the dismissal of the theft indictment reveals that the State used the same "to do indirectly what they could not do directly, i.e., force the defendant to jail pending appeal of the involuntary manslaughter charge." Again, assuming that this dismissal was before us in a proper ground of error, we would not consider that paragraph in disposing of this appeal for the reason that the complaint is directed towards matters which took place subsequent to May 4, 1982, when the order revoking the bond was rendered.

■ Paragraphs six, seven, eight and nine simply contain argument relating to conclusionary equities supposedly existing in favor of the appellant, and a summary of the testimony of the seven witnesses called by appellant at the hearing to revoke appellant's bond to the effect that appellant was conscientious, had a very good reputation among his associates, was an asset to our society, would never be a hazard to society and had been very remorseful about "the involuntary manslaughter." Such testimony does not raise the issue of abuse of discretion by the trial judge. In paragraph ten, appellant simply asserts "that to completely deny bail is contrary to Art. 1, § 11 of the Texas Constitution and the Eighth Amendment to the United States Constitution and a violation of due process of law as guaranteed under the Fourteenth Amendment to the United States Constitution." No authority is cited in support of the assertion.

The State introduced appellant's confession into evidence, wherein he stated that on December 28, 1981, he went in search of a "vette" automobile for the express purpose of taking tires therefrom. He found an automobile which met his requirements and "took off the tires." Other evidence, when considered in connection with appellant's confession, clearly established that appellant committed the offense of theft on December 28, 1981.

In *Putnam v. State,* 582 S.W.2d 146 (Tex. Cr.App.1979), the Court held that no abuse of discretion is shown by the trial court's conclusion "that the appellant is likely to commit another offense while on bail" where it is shown that the appellant had committed another offense while on bail. In support of that holding, it was noted (page 151 of the published opinion):

"The evidence adduced in the hearing that the appellant did commit another offense while on bail far exceeds the statutory requirement that the court find only that he is likely to commit another offense while on bail...."

That rule controls the disposition of this appeal insofar as any complaint of abuse of discretion is conceived. See also *Ex Parte LeBlanc,* 615 S.W.2d 724, 726 (Tex.Cr.App. 1981); *Ex Parte Nycum,* 614 S.W.2d 140, 141 (Tex.Cr.App.1981).

Appellant had the burden of proving facts which showed that the trial court abused its discretion in revoking the bond. See: *Ex Parte Clark,* 537 S.W.2d 40 (Tex. Cr.App.1976). He did not meet that burden. We hold that the pleading of the State, together with the evidence adduced by the State, which was not contradicted by appellant's evidence, fully supports the revoking of appellant's bond pending appeal of the conviction for involuntary manslaughter. It is conclusively shown by the record, independent of the failure of appellant to comply with the statutory requirements concerning his brief, that the trial judge did not abuse his discretion in revoking appellant's bond. The revoking of the bond did not constitute a violation of appellant's rights under either the State of Federal Constitutions. See *Putnam v. State,* supra, and *Ex Parte LeBlanc,* supra.

The judgment (order) of the trial court is AFFIRMED.