Felipe Arvela SALINAS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–116–CR.

Court of Appeals of Texas,
Corpus Christi.

March 17, 1983.

Wilson J. Seldon, Jr., Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of possessing a usable quantity of marihuana of more than four ounces. A jury found appellant guilty and assessed punishment at seven years in the Texas Department of Corrections and a fine of $2,000.

The sufficiency of the evidence is not challenged, and a recital of the facts is not necessary to dispose of appellant's contentions. In his first ground of error, ap-

pellant urges that the trial court erred in admitting hearsay evidence and in allowing the prosecution to ask leading questions. Appellant cites us to nine scattered pages in the statement of facts. It is well settled that a ground of error complaining of numerous alleged errors is multifarious and does not comport with Art. 40.09 Tex.Code Crim.Pro.Ann. (Vernon Supp.1982). Therefore, appellant's first ground of error fails to preserve anything for appellate review. *Chappell v. State,* 519 S.W.2d 453 (Tex.Cr. App.1975). Nonetheless, we have reviewed those portions of the record which appellant contends caused reversible error. We note that in several instances the appellant's objections were either sustained or overruled properly. We have found two instances where hearsay evidence was improperly admitted over objection. However, neither instance was serious enough to constitute reversible error. Appellant's first ground of error is overruled.

In his second ground of error, appellant argues that the State's witnesses should have identified the seized substance as Cannabis Sativa L., the definition of marihuana used in Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 1.02 (Vernon Supp.1982). Marihuana does not have to be identified specifically as Cannabis Sativa L. *Carmouche v. State,* 540 S.W.2d 701 (Tex.Cr. App.1976). Appellant also contends under this same ground of error that the State failed to show that appellant had a usable quantity of marihuana. We disagree. The evidence here showed that appellant possessed over 160 pounds of marihuana. As noted in *Carmouche, supra,* this Court can take judicial note of the fact that this amount of marihuana is a usable quantity. Appellant's second ground of error is overruled.

In his third ground of error, appellant argues that the trial court erred in refusing to grant a mistrial when it became apparent that "the jury was considering things that were not in evidence." Appellant cites us to several pages in the statement of facts where it is shown that the jury sent a note to the trial judge inquiring as to whether the appellant had a prior criminal record. The trial judge instructed the jury that they were to consider only the evidence admitted in the case.

No affidavits from jurors were offered to show any misconduct during the jury's deliberations. Under these circumstances, we cannot agree with appellant that reversible error occurred. As in situations involving parole discussions, the trial court's instruction to the jury not to discuss matters outside the record cured the error, if any. See *Nacol v. State,* 590 S.W.2d 481 (Tex.Cr.App.1979). The appellant's third ground of error is overruled. The judgment of the trial court is affirmed.