**Paul PALOMA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–281–CR(T)**

Court of Appeals of Texas, Austin.

July 20, 1983.

Norman Manning, Manning & Wolf, Taylor (court-appointed), for appellant.

Edward J. Walsh, Dist. Atty., Edgar A. Nooning, III, Asst. Dist. Atty., Georgetown, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Justice.

Appellant, Paul Paloma, complains of the trial court's judgment, based upon the jury's verdict, which convicted him of attempted rape and sentenced him to serve five years in the Texas Department of Corrections. We overrule appellant's six grounds of error and affirm the judgment of the trial court.

In his first ground of error appellant alleges that the trial court erred in denying his Motion to Set Aside [the indictment] based upon a failure to comply with Tex. Code Cr.P.Ann. art. 32A.02 (Supp.1982) (Speedy Trial Act). The Speedy Trial Act provides, in relevant part, as follows:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Section 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information or complaint against the defendant is filed in court. . . .

\* \* \* \* \* \*

The complaint against appellant was filed on October 31, 1978. The State filed a written announcement of ready on January 30, 1979, announced ready at docket call on February 8, 1979, and at the pretrial hearing on the Motion to Set Aside held on March 15, 1979, announced that it was then ready and that it had been ready within the 120 day period. The State can establish a *prima facie* showing of conformity to the Speedy Trial Act either by announcing ready for trial within the limiting period,

here 120 days, *Apple v. State,* 647 S.W.2d 290, 292 (Tex.Cr.App.1983), or by stating at the hearing on the Motion to Set Aside that it is ready for trial and that it had been ready for trial at the time required by the Act, *Barfield v. State,* 586 S.W.2d 538 (Tex. Cr.App.1979). Here the State made the *prima facie* showing by both methods.

◼ Once the *prima facie* showing is made, the burden is on the defense to rebut the presumption by presenting evidence that the State was not ready. *Id.* Appellant argues that the State could not have been ready for trial within the prescribed 120 day period because Tex.Code Cr.P.Ann. art. 26.04 (1966) was not complied with before time ran out. Article 26.04 provides that "appointed counsel is entitled to ten days to prepare for trial...." Appellant reasons that since counsel was not appointed until the 115th day following the filing of the complaint, and since counsel has ten days to prepare for trial, that somehow the State could not have been ready for trial until the 125th day.[1] Appellant cites no authority for this view; we reject it. Appointment of counsel is not a prerequisite to an announcement of ready. Any delay that was caused by the trial court's failure to appoint counsel is judicial delay. The Speedy Trial Act proscribes prosecutorial delay, not judicial delay. *Barfield v. State, supra.* We overrule this ground.

◼ In his second ground of error appellant asserts that the trial court erred in admitting a torn blouse into evidence. The complainant identified the blouse as the one that she was wearing when appellant attacked her, and as the one that she gave the prosecutor. Appellant complains that no chain of custody was established; for authority he cites the "Texas rules of evidence." We overrule this point. No showing of a chain of custody was required since the blouse was positively identified. *Anderson v. State,* 504 S.W.2d 507 (Tex.Cr. App.1974). We overrule this ground.

◼ In his third ground of error appellant complains that the trial court erred in denying his Motion for Directed Verdict at the close of the State's case; he alleges that as of the time it rested, that the State had failed to prove its case. He does not explain how the State failed to prove its case, nor does he cite any authority. The indictment, in separate counts, charges that appellant attempted to commit rape by threat and by force. The complainant testified that appellant told her that her husband was in jail; she got in a car with appellant because he said that he would take her to her husband. Instead he took her to a rural area. While driving he told appellant to "get naked and just get [her] clothes off and do sexes...." He threatened to kill her if she did not have sex with him. She tried to jump out of the automobile, but he physically restrained her. Appellant tore her blouse and attempted to spray an unidentified substance in her face. She believed that he was going to rape and kill her. When he stopped the car, she jumped out and ran to a trailer house; appellant did not chase her. She testified that appellant was not her husband and that she never consented to engage in sexual activity with him. The torn blouse was introduced into evidence. We hold that this evidence was sufficient to preclude a directed verdict. *See Hackbarth v. State,* 617 S.W.2d 944 (Tex.Cr.App.1981). This ground is overruled.

In his fourth ground of error appellant complains that in the guilt stage of the trial, during cross-examination of appellant, the trial court, over objection, improperly admitted a prison packet into evidence. Appellant claims that the packet had no bearing on the issues in the case, that appellant was unfairly surprised by the production of the packet and that the packet was introduced only to "inflame the jury." Appellant cites no authority to show that this was error.

---

**1.** The State argues that the action commenced for purposes of the Speedy Trial Act at the time of arrest. We need not decide this point, since we hold that the Act was not violated under appellant's method of computation.

Proof of a prior felony conviction is a valid method of impeaching a defendant who testifies in his own defense at the guilt stage of the trial. Tex.Code Cr.P. Ann. art. 38.29 (1979); *Johnigan v. State*, 628 S.W.2d 852 (Tex.App.1982, no writ); *see Roliard v. State*, 506 S.W.2d 904 (Tex.Cr. App.1974). The packet was probative of appellant's prior conviction, which was relevant to appellant's credibility. If appellant objects to the use of the prison packet as an overly prejudicial *method* of proving the prior felony conviction, this ground was not properly preserved, and was thus waived, since the objection to the trial court was that the packet had "no bearing on the issues of this case." This objection, which addressed only relevancy, and went to the entire exhibit, was too general to preserve a ground regarding prejudicial effect. *See Goodrich v. State*, 632 S.W.2d 349 (Tex.Cr. App.1982); *Hernandez v. State*, 599 S.W.2d 614 (Tex.Cr.App.1980); *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974).

Even if use of the prison packet had been improper impeachment, it would not constitute reversible error. Subsequent to the introduction of the packet, the State, without objection, asked appellant if he had been convicted of the burglary for which he was sent to prison, and he answered in the affirmative. Where evidence which would otherwise be inadmissible is proven by other testimony which is not objected to, no reversible error is shown. *Williams v. State*, 549 S.W.2d 183 (Tex.Cr.App.1977). This ground is overruled.

In his fifth ground of error appellant complains that the State's questions addressed to appellant during the guilt stage of the trial, regarding drugs and appellant's contact with a lady named Marcel Ramirez, were irrelevant and designed to "inflame the jury." Appellant cites no authority.[2] The State asked appellant if he went to the door of Ms. Ramirez' residence at 3:00 A.M. on a certain date in 1976. Before appellant could answer, the court sustained an objection to the effect that the incident had no bearing on the issues in the case. Even assuming that the question somehow constituted reversible error, nothing is preserved for review because appellant's objection was sustained and he did not make a request that the jury be instructed to disregard the question; no motion for mistrial was made. The appellant must obtain an adverse ruling from the trial court before a matter is preserved for review. *Torres v. State*, 491 S.W.2d 126 (Tex.Cr.App.1973). Also, appellant fails to show how the question harmed him; to cause a reversal a question must be obviously harmful. *Hartman v. State*, 507 S.W.2d 553, 556 (Tex.Cr.App.1974).

As for the questions involving drugs, we note that on direct examination by his own attorney appellant testified that he had been smoking marijuana on the day of the alleged offense and that he had bought it from a friend. On cross-examination, the State questioned the defendant, without objection, about his use of drugs, including marijuana and methamphetamine, on the day of the alleged offense. Defendant admitted using both drugs. Appellant did not object until the State asked, "Where do you get your dope over in Taylor?" The court overruled the objection, and appellant replied that he bought it from friends. The court then sustained an objection to a question as to who the friends were. Appellant waived any error, either by failing to timely object, *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977), or by opening the door to this line of questioning, *Hartman v. State*, 507 S.W.2d 553 (Tex. Cr.App.1974). Also, we fail to see the harm in asking defendant who he bought his drugs from, after he had already volun-

---

2. The State notes that this point is multifarious. It also complains that appellant has neither cited authority nor clearly directed the Court's attention to the matters complained of, and thus has presented nothing for review. We agree, and add that the same could be said for most of appellant's poorly drafted brief. Since appellant's attorney is an appointed counsel, we shall, in the interest of justice, address the issues he apparently attempts to raise. We do not condone his work, and will not hesitate in the future to order that points be rebriefed where it appears that they have substantial merit.

teered that he bought and used drugs. This ground of error is overruled.

■ In his final ground of error, defendant complains that the trial court erred in refusing, over objection, to submit a jury charge on assault. Appellant cites no authority. The ground is not properly preserved. The old version of Tex.Code Cr.P. Ann. art. 36.14 (1981), in effect at the time of the trial of this case, required that objections to the court's charge be in writing; this requirement could be satisfied by dictating the objection to the court reporter, and subsequently transcribing it, endorsing it "with the court's ruling and official signature," and filing it with the clerk in time to be included in the transcript. Here, the transcript contains no written objection to the charge. The statement of facts does disclose that appellant objected to the charge. We note that the current version of Art. 36.14 requires only that the objection be dictated to the court reporter. *Id.* art. 36.14 (Supp.1982). However, the current version did not become effective until June 12, 1981; this trial was held in 1979.

■ Even had this ground been properly preserved, we hold that appellant was not entitled to an instruction on assault. Where, as here, the State's evidence shows the offense of attempted rape, but appellant denies commission of the offense and presents no evidence of an assault, no error is shown in refusing to charge the jury on the lesser included offense of assault, even though that charge is requested by the defendant. *Hackbarth v. State, supra; see Bell v. State,* 411 S.W.2d 725 (Tex.Cr.App. 1967). In *Hackbarth,* the complainant testified that the defendant grabbed her, ripped at her clothes, told her to take her clothes off, and exposed his penis. Except for the exposure, these are the facts of this case. Here appellant testified that the complainant went with him willingly and was angry at him because he rejected her suggestion that they live together. This ground is overruled.

Having overruled all of appellant's grounds of error, we affirm the judgment of the trial court.