**John Howard WEAVER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–004–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 11, 1985.

Law Offices of William Willis and William Willis, Cleburne, Alley & Alley and Richard Alley, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Mary Thornton Taylor, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., HOPKINS, J., and HUGHES, Retired (Sitting by Assignment).

## OPINION

HOPKINS, Justice.

This is a misdemeanor driving while intoxicated case. The defendant pled not guilty and elected for the court to assess punishment. The jury found the defendant guilty and the court assessed punishment at imprisonment for 90 days in the Tarrant County Jail. Imposition of sentence was suspended and the defendant was placed on probation for two years. A $1,000 fine was imposed.

We affirm the judgment.

The defendant assigns three grounds of error. The first two complain of failure of the trial court to dismiss the information because of the Hurst police department's failure to videotape the defendant. The third ground asserts the unconstitutionality of the statute permitting consideration of defendant's failure to submit a specimen for testing, because the caption of such legislation was insufficient to comply with the adequate notice requirements of TEX. CONST. art. III, sec. 35.

■ In grounds of error one and two, the defendant contends that TEX.REV. CIV.STAT.ANN. art. 6701L–1, sec. 24 (Vernon Supp.1985) and section 19.05 of the Texas Penal Code, Act of June 16, 1983, ch. 303, sec. 24 1983 Tex.Gen.Laws 1568, 1605, require that beginning January 1, 1984, all counties of 25,000 population or more shall videotape those persons arrested for driving while intoxicated. The defendant asserts error by the trial court in failing to grant his motion to dismiss the information because of the failure to videotape him. He alleges he was denied due process of law because he was prohibited from substantiating his claim of nonintoxication by exhibiting a videotape to the jury for its consideration. It is undisputed that the defendant was arrested for the offense of driving while intoxicated in March, 1984, a month or so prior to the time the Hurst police department began videotaping those arrested for driving while intoxicated. It is further uncontradicted that the City of Hurst is located within Tarrant County and that Tarrant County has a population of more than 25,000. The State acknowledges that no videotape was made of defendant at the time of his arrest, but contends that art. 6701L–1, sec. 24 does not require videotaping. We disagree with the contentions of both the State and the defendant for the reasons hereinafter stated.

In paragraph (a) sec. 24, counties of 25,000 or more population, effective January 1, 1984, were required to purchase and maintain electronic devices capable of visually recording persons arrested for the offense of driving while intoxicated; paragraph (b) requires the sheriff and county commissioners to determine the number of devices necessary to ensure that the visual recording can be made within a reasonable time after arrest; and paragraph (c) provides that when the visual recording is not made, this fact is admissible at the trial. It is true the statute does not specifically state that a visual recording must be made, but to interpret the statute as not requiring such recording would constitute a very narrow construction of the law. We find a more reasonable interpretation to be that the statute does contemplate and require that visual recordings be made and we so hold.

■ Paragraph (c) provides the sanctions to be imposed when no recording is made, *i.e.* presentment of this fact at trial. The

trial court properly ruled that the defendant would be permitted to provide information for the jury's consideration that no videotape had been made. Upon trial, the defendant did provide this information for the jury's consideration. It is inconceivable to believe the legislature intended that prosecution for driving while intoxicated would be prohibited in counties of 25,000 or more population where no video was provided, but that prosecution would be permitted in counties with fewer than 25,000 population. Such a statute undoubtedly would be found to be unconstitutional as being discriminatory in its application. We hold that defendant was not denied due process of law for the failure of the State to provide a videotape of him during the arrest procedure. Grounds of error one and two are overruled.

■ In defendant's third ground of error, he claims that the provisions of the statute permitting jury consideration of defendant's refusal to submit to chemical testing is unconstitutional. The reason assigned is that the enacting legislation, S.B. No. 1, 68th Legislature, changed the prior law and the caption of the bill did not sufficiently give notice of the change. This issue was decided by this court in *Forte v. State*, 686 S.W.2d 744, 748 (Tex.App.—Fort Worth 1985, pet. granted).

We find that an average legislator or citizen who was interested in legislation regarding the effect of an accused's refusal to have a chemical test performed would be prompted by the caption of S.B. No. 1 to examine the body of the bill for provisions pertaining to that subject. Therefore, we hold that the caption of S.B. No. 1 provides fair notice of the subject and contents of TEX.REV.CIV. STAT.ANN. art. 6701L–5, sec. 3(g) (Vernon Supp.1984), and is not unconstitutional in this regard.

*Id.* at 750. Defendant's third ground of error is overruled.

Judgment of the trial court is affirmed.