Jacquelyn H. **DREWETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 292–85.

Court of Criminal Appeals of Texas, En Banc.

Feb. 12, 1986.

David B. Dickinson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, and Dan Rizzo, Asst. Dist. Atty's., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for driving while intoxicated. Punishment was assessed by the jury at sixty days in jail, probated for two years, and a fine of $300.00. The Court of Appeals affirmed in a published opinion, *Drewett v. State*, 686 S.W.2d 298 (Tex.App.—Houston [Fourteenth District] 1981).

We granted appellant's petition for discretionary review to consider the Court of Appeals upholding the trial court's action in instructing the jury that they could not consider the absence of an electronic visual recording of the appellant at the time of her arrest as evidence of her intoxication or lack of intoxication.

On the night of January 18, 1984, Officer James Campbell of the Houston Police Department observed the erratic driving of appellant, noting that the vehicle appellant was driving swerved from side to side and almost sideswiped a vehicle and pulled into another lane just in front of an approaching vehicle. After Campbell stopped appellant he observed that appellant swayed, wobbled and was unsure of her balance. Appellant had a strong odor of alcohol on her breath, was uncooperative and insulting, missed placing her finger on her nose two times and was only able to recite the alphabet to the letter "S". The officer concluded that appellant was intoxicated and took her to the police station where appellant attempted to take an intoxilizer test but was unable to supply a sufficient air sample for testing. Appellant and her husband who was with appellant at the time of her arrest testified that appellant was not intoxicated.

Senate Bill 1, Chapter 303, Section 24, 68th Legislature (can be found as a note to both Art. 6701*l*–1, V.A.C.S. and Article 19.05, V.A.P.C.) provides:

"(a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05, Penal Code.

"(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

"(c) The fact that an arresting officer or person acting on behalf of the state

failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section."

The effective date of the statute was January 1, 1984. Appellant was arrested for the instant offense on January 18, 1984.

Officer Campbell testified that he did not know why they did not have the equipment to videotape appellant's appearance, but that they did not have such equipment and could not videotape appellant following her arrest. The officer further testified that the only videotape machine he knew about was located at the police academy "out on Aldine-Westfield" and it was used "for giving lectures and so forth."

Over appellant's objections that the instruction constitutes an incorrect statement of the law and a comment on the weight of the evidence the trial court at the guilt stage of the trial instructed the jury:

"You are instructed that under the laws of Texas, a county with a population of 25,000 or more is required to provide electronic devices capable of visually recording a person immediately after his arrest for the offense of driving while intoxicated. Evidence has been introduced in this case that such electronic device was not available in Harris County on January 18, 1984, and that therefore the officer failed to visually record the defendant in this case. This is no evidence that the defendant was intoxicated or was not intoxicated. In your deliberations you shall not consider for any purpose, allude to, comment on or discuss the unavailability of the recording as evidence that the defendant was or was not intoxicated. This evidence has been admitted for the sole purpose of showing, if you so find, the unavailability of a required visual recording at the time of the arrest and the reason therefor."

In a split decision, the majority of the Court of Appeals panel reasoned:

"The question concerning the interpretation to be given to the statute where the arresting officer consciously and intentionally refuses to 'visually record' the accused when equipment in proper order is available for that purpose is not before us for review.

". . .

"In order to constitute proper evidence in Texas, the evidence must be material and relevant. Tex.R.Evid. 401 (Vernon 1983). In this case, the evidence that appellant was not videotaped because the police did not have the equipment was probative neither of guilt nor innocence."

At the time of appellant's arrest the statute requiring a county to purchase and maintain electronic devices capable of visually recording a person arrested for driving while intoxicated was in effect and applicable to Harris County. The statutory provision providing that the failure to visually record a person arrested for this offense is admissible in evidence contains no exceptions. Under the rationale employed by the Court of Appeals a county could refuse to comply with the statutory requirement of providing the visual recording equipment and render the statute nugatory. Obviously, this was not the intention of the Legislature.

The trial court's instruction told the jury that it could not consider for any purpose the failure to make a visual recording of appellant following arrest. This instruction effectively denied appellant the right to make any comment regarding same during jury argument and prohibited the jury from considering the evidence regarding the lack of the recording.

Under the statute the fact finder, in this case the jury, was entitled to determine the weight to be given the evidence in question. Under the circumstance we cannot say that appellant was not harmed by the court's instruction prohibiting the jury from considering the failure to visually record appellant following her arrest.

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court.