**Owens Bernell HAVARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–041 CR.**

Court of Appeals of Texas, Beaumont.

Feb. 26, 1986.

Don R. Bradley, Austin, for appellant.

Guy James Gray, Dist. Atty., Jasper County, Jasper, Robert M. Jackson, Asst. Dist. Atty., for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of the offense of indecency with a child, and the jury assessed punishment at confinement in the Texas Department of Corrections for a term of twenty years. He has perfected appeal to this court on one ground of error, viz:

"The Trial Court erred in failing to grant Appellant's Motion for discharge under the Speedy Trial Act."

When this challenge is made by a defendant, our Court of Criminal Appeals has laid down the following rules:

"The State can establish a *prima facie* showing of conformity to the Speedy Trial Act either by announcing ready for trial within the limiting period, here 120 days, *Apple v. State,* 647 S.W.2d 290, 292 (Tex.Cr.App.1983), or by stating at the hearing on the Motion to Set Aside that it is ready for trial and that it had been ready for trial at the time required by the Act, *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). Here the State

made the *prima facie* showing by both methods." (emphasis in opinion) *Paloma v. State,* 656 S.W.2d 229, 230–231 (Tex.App.1983).

Here, appellant was indicted on September 20, 1983, and arrested the next day. The State filed a written announcement of ready on September 22, 1983. At the first term of the court, in October, 1983, the State appeared and announced ready. Defendant appeared but without attorney. The court instructed defendant to hire an attorney and report back to court. The case was again set for January, 1984. The State appeared and announced ready. Defendant again appeared without an attorney. The same thing occurred March 2, 1984. He did hire an attorney on May 7, 1984, who filed a motion for continuance. In September, 1984, he pleaded guilty before the court, which was withdrawn in December, 1984. He was tried before a jury on February 4, 1985. Defendant never presented any evidence that the State was not ready for trial. We believe an inference can be drawn from the record, particularly from defendant, that the court was trying to give him time to hire an attorney. *See Vardas v. State,* 518 S.W.2d 826 (Tex.Crim.App.1975). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.