**Claude O'Neil STANLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0625–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1987.

---

Ronald R. Pope, Foster, Pope & Orsak, Sugar Land, for appellant.

Ralph L. Gonzalez, Fort Bend Dist. Atty's. Office, Richmond, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of aggravated robbery and assessed his punishment at 35 years confinement.

The record reflects that on August 27, 1984, the complainant and her husband were alone in their home when Derald Jacob was allowed to enter the house, by identifying himself as a police officer. Once inside, Jacob pulled a gun on the couple and yelled to appellant and a third person, both of whom were armed, to enter the house. The three then rummaged through the house for nearly 90 minutes. The complainant and her husband were confined to a bedroom closet during most of the robbery and were terrorized, mostly by Jacob. Before the trio left the house, they tied the complainant and her husband with phone cords.

Appellant's first point of error contends that the trial court erred in denying his motion for mistrial because the jury was exposed to items not in evidence during their deliberations.

On October 26, 1984, Missouri City Police Officer Worrell executed a search warrant at appellant's residence. While searching the master bedroom, he seized, among other things, a blue bag containing a movie camera. The camera and bag were admitted at trial as State's exhibits 2 and 2A, respectively. The complainant identified the blue bag as an item taken from her during the robbery.

During its deliberations at the guilt phase, the jury sent a note to the court that said:

> We have found additional evidence in the blue case labelled 3A[sic] Can this additional material be considered in this case by the jury.

The court responded[1]:

> You shall not consider items found in the blue case labeled 3A for any purpose whatever, as it has no connection whatsoever with this case.

The record reflects that the jury found 10 items in the blue bag: six were related to the camera, i.e., instruction booklet, extension cord, microphone, film lens cap, and four were pawn tickets. Appellant contends that the pawn tickets require reversal.

Tex.Code Crim.P.Ann. art. 40.03(7) (Vernon 1979) provides that:

> New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:
> (7) Where the jury, after having retired to deliberate upon a case, has received other evidence.

■ Appellant is entitled to a reversal if the jury (1) actually received "other evidence," and (2) the character of the evidence was adverse to his case. *Garza v. State*, 630 S.W.2d 272, 274 (Tex.Crim.App. 1981). *Stephenson v. State*, 571 S.W.2d 174 (Tex.Crim.App.1978); *Rogers v. State*, 551 S.W.2d 369 (Tex.Crim.App.1979); *Smith v. State*, 675 S.W.2d 300, 304–05 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd.). This is true regardless of whether there is actual injury or prejudice in the result. *Garza*, 630 S.W.2d at 274; *Smith*, 675 S.W.2d at 304.

In the instant case, it is undisputed that the jury actually received "other evidence." Appellant's trial defense was that he bought the camera and bag from Derald Jacob, and that the complainant had mistakenly identified him as the robber.

Immediately after the trial ended, the court conducted a hearing at which each juror testified about the events surrounding their discovery of the "other evidence." Their testimony reflects:

(1) That a juror sitting in the middle of the table innocently discovered the pawn tickets, while looking through the blue bag.

(2) That three or four of the jurors actually saw the pawn tickets.

(3) That some of the pawn tickets were dated before the robbery and some were dated after the robbery.

(4) That there were some incidental comments about the pawn tickets while the jurors were trying to determine what they were.

(5) That the only discussion of the pawn tickets regarded the propriety of considering them as evidence.

(6) That approximately five to ten minutes elapsed between discovery of the pawn tickets and the note to the court.

(7) That none of the jurors were influenced by, or considered the existence of, the pawn tickets in arriving at their verdict.

One juror testified as follows:

Q. [D]id it ever cross your mind that they would be helpful to the Defendant or detrimental to the Defendant?

A. Well, I think I thought that it could work both ways.

■ Adverse effect to appellant's case would be shown if the jurors had testified that they considered the pawn tickets as evidence against appellant. However, when, as here, all 12 jurors unequivocally stated that they did not consider the evidence, and that it did not influence their decision, appellant must demonstrate from the record that the character of the evidence was objectively adverse to his case.

Appellant contends that some of the pawn tickets were adverse to his case because "the pawn tickets dated after the robbery would certainly be inconsistent with appellant's testimony that he purchased the items for $300 from Derald Jacobs." However, because the pawn tickets are not contained in the appellate record,

1. We commend the trial judge for this strong instruction.

we cannot determine whether they were related, much less adverse, to the case. Appellant does not claim that the pawn tickets dated before the robbery were adverse to his case.

Appellant has not proved that the evidence was adverse to his case, and therefore has not satisfied article 40.03(7).

The first point of error is overruled.

Appellant's second point of error contends that his rights under the Fifth Amendment and Tex.Code Crim.P.Ann. art. 38.22 (Vernon 1979) were violated when the State used his post-arrest silence to impeach his testimony.

The record reflects that a substantial portion of the State's cross-examination of appellant was directed at appellant's failure to tell anyone, including the Missouri City Police Department, the Fort Bend County Sheriff's Department, the Fort Bend County District Attorney's Office, the jail guards, or the arresting officer, that he had bought the property from Jacob. Appellant did not object to any of the questions or answers.

During final argument at the guilt phase, the prosecution argued:

> Also what else do we have? I think it's very important, ladies and gentlemen. Eight and one-half [8½] months. Don't you know, ladies and gentlemen, that if you had a story to tell, if someone arrested you and you felt that you had been wronged, the first thing you would say is, Hey, hold the phone. You've got this all wrong. You make a statement. You do whatever you have to do to get out from under that thing, wouldn't you. Common sense tells you you would do that. We'd all do that. Common sense, ladies and gentlemen. Human nature.

Again, appellant did not object.

■ Absent an objection, nothing is presented for review unless the error was so prejudicial that it could not have been cured by an instruction to disregard. In *Cisneros v. State,* 692 S.W.2d 78, 83 (Tex. Crim.App.1985), *Girndt v. State,* 623 S.W.2d 930, 934 (Tex.Crim.App.1981), and *Bice v. State,* 642 S.W.2d 263 (Tex.App.—

Houston [14th Dist.] 1982, no pet.), the defendants objected to similar questioning, but failed to do so in a timely or specific manner. In all three cases, the courts held that this waived the error. We hold the error was waived.

■ Appellant next contends that his attorney's failure to object denied him the effective assistance of counsel. This complaint is not raised in a point of error, but in a one-sentence statement at the end of the argument on the second point of error. There is no demonstration of egregious prejudice, as required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and there is no response in the State's brief. We conclude that no point of error is before us on ineffective assistance of counsel. Tex.R. App.P. 74. The second point of error is overruled.

Appellant's third point of error contends that the trial court erred in overruling his objection to the reputation testimony of Officer Worrell because there was no proper predicate for the testimony.

Worrell testified that his work brought him in contact with numerous people throughout the Houston area.

Following this, Worrell was asked:

Q. In regard to this defendant ... based upon these contacts, have you come to hear about the Defendant's reputation in the community in which he resides for being a peaceful, law abiding citizen?

A. Yes, I have.

Q. Is it good or bad?

[Defense Attorney]: We're going to object, Your Honor. There's been no predicate laid that he's a member of that community.

[The Court]: Overruled.

Q. Is it good or is it bad?

A. It's bad.

Appellant relies exclusively on *Wagner v. State,* 687 S.W.2d 303, 313 (Tex.Crim. App.1984). In *Wagner,* the court held that a reputation witness could not base his testimony only upon a single act of the defendant. *Wagner* does not, however,

prevent police officers from testifying as reputation witnesses.

 Unlike in *Wagner*, there is no indication here that Worrell's testimony was solely based on a single act. Moreover, although he did not live near appellant, Worrell's testimony that he had heard of appellant's reputation qualified him as a reputation witness. A reputation witness is not required to live in the defendant's community. *Mitchell v. State*, 524 S.W.2d 510 (Tex.Crim.App.1975); *Crawford v. State*, 480 S.W.2d 724 (Tex.Crim.App.1972).

The third point of error is overruled.

Appellant's fourth point of error contends that the trial court erred in overruling his motion to dismiss based on the Speedy Trial Act. Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1987).

The record reflects that appellant was arrested on October 27, 1984, was indicted on November 5, 1984, was arraigned on November 8, 1984, and remained in jail until the trial on July 15, 1985, a period of 261 days from arrest to trial.

 The State filed a written announcement of ready on November 8, 1984. The prosecutor testified that he was ready to go to trial before, on, and after the date of the indictment. In *Paloma v. State*, 656 S.W.2d 229, 231 (Tex.Crim.App.1983), the court held that:

> The State can establish a prima facia showing of conformity to the Speedy Trial Act by announcing ready within the limitation period ... or by stating at the hearing ... that it is ready for trial and that it had been ready for trial at the time required by the Act.

*See also Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979). Here, as in *Paloma*, the State made the showing by both methods.

Once the State has made the prima facie showing of compliance with the Act, the burden is on the defense to rebut the presumption by presenting evidence that the State was not ready. *Id.* Appellant produced no evidence to rebut the presumption.

The fourth point of error is overruled. The judgment is affirmed.