Woodrow GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–168–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 4, 1988.

Rehearing Denied March 10, 1988.

Michael E. Sieber, Victoria, for appellant.

George J. Filley, Dist. Atty., Victoria, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The appellant, Woodrow Green, was tried for the offense of driving while intoxicated, convicted by a jury and sentenced to 500 days in the county jail, with a $1,500.00 fine. Appellant claims that his conviction should be reversed because his arresting officer failed to make a videotape recording of him in violation of Tex.Rev.Civ.Stat.Ann. art. 6701$l$–1 note, Acts 1983, ch. 303, § 24 (Vernon Supp.1988), and he was denied an opportunity to complete discovery before trial. We affirm.

The appellant was arrested for driving while intoxicated in Victoria County, Texas, which has a population of greater than 25,000. He was then taken to the Victoria County Sheriff's Office where he was given a breath intoxilyzer test, recording an alcohol concentration of 0.26. The arresting officer testified that appellant was not then videotaped because of a department

policy against recording suspects who register high on the breath intoxilyzer test.

In his first point of error, appellant complains that his conviction should be reversed on the ground that the State consciously suppressed evidence which might have been favorable to him by failing to make a videotape recording in violation of § 24 of the above statute, which provides:

(a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 1905, Penal Code.

(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

Appellant argues that the statute requires not only the purchase of video recording equipment, but the mandatory use of it in all DWI cases. He further argues that, when a county has willfully refused to make such a recording when it otherwise could have, the § 24 sanction, allowing admission into evidence of this failure to record, is insufficient and dismissal is required.

■ We agree with the appellant that § 24 requires the mandatory use of video recording equipment in all DWI cases in counties covered by the statute. *Weaver v. State*, 700 S.W.2d 776 (Tex.App.—Fort Worth 1985, pet. ref'd). However, it is clear from the statute itself and the cases

construing it that the only sanction available for failure to make a videotape recording is that the fact of the failure itself may be admitted into evidence at trial and dismissal is not required. *Maddox v. State*, 705 S.W.2d 739 (Tex.App.—Houston [1st Dist.] 1986, pet. granted); *Weaver; see also Drewett v. State*, 704 S.W.2d 43 (Tex. Crim.App.1986). This construction is consistent with the well-known rule of statutory construction that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others. *Ex Parte McIver*, 586 S.W.2d 851, 856 (Tex.Crim. App.1979). Only one consequence was expressly mentioned by the statute in question for its violation. If that sanction proves ineffective to carry out the intent of the statute, it is the legislature's prerogative, not the courts', to add further sanctions.

Appellant, however, contends that the statute must be construed to require a good faith attempt to produce a videotape as a prerequisite to conviction on the grounds that anything less would amount to a suppression of evidence by the State and a violation of appellant's right to due process. In support thereof, appellant cites numerous out-of-state cases construing similar statutes.

Construing Texas law, however, the court in *Weaver* held that the "defendant was not denied due process of law for the failure of the State to provide a videotape of him during the arrest procedure." *Id.*, 700 S.W.2d at 778. We also find the logic of *Turpin v. State*, 606 S.W.2d 907 (Tex. Crim.App.1980), to be applicable to the present case. *Turpin* relied upon the standards for disclosure discussed in *Stone v. State*, 583 S.W.2d 410 (Tex.Crim.App.1979):

"The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." ... In determining materiality, the omission must be "evaluated in the context of the entire record," and constitutional error is committed only "if

the omitted evidence creates a reasonable doubt that did not otherwise exist." *Id.*, 583 S.W.2d at 415, in part quoting *United States v. Agurs*, 427 U.S. 97, 108–10, 112, 96 S.Ct. 2392, 2399–2401, 49 L.Ed. 2d 342 (1976).

■ In *Turpin*, 606 S.W.2d at 916, the court stated that it was not a denial of due process for the State to destroy ampoules used in a breathalyzer test, even though such ampoules could later have been tested to determine the credibility of the machine's operation and test results. The court held that because the unavailability of the ampoules merely went to the weight and credibility of the breathalyzer test results, they were not shown to be either material or exculpatory. *See also Fitzpatrick v. State*, 632 S.W.2d 935, 938 (Tex. App.—Fort Worth 1982, pet. ref'd). In the present case, if the breathalyzer is accurate, where appellant has recorded an alcohol concentration in excess of 0.10 he is defined as legally intoxicated under Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2)(B) (Vernon Supp.1988). In this situation, his only use for a videotape would be to discredit the results of the breathalyzer test as inaccurate. We hold that the appellant failed to show that a videotape would be either material or exculpatory and that he was not denied due process by a failure to make such a recording. Appellant's first point of error is overruled.

In his second point of error, appellant makes the following vague complaint: "Appellant contends that he was not allowed an opportunity to complete discovery, conclude his preparation of trial, and cross-examine meaningfully the State's principal witness against Appellant, the breath intoxillator."

Tex.R.App.P. 74(d) provides that "[a] point of error is sufficient if it directs the attention of the appellate court to the error about which complaint is made." On the criminal side of the docket, this represents a substantial change in form from the prior rule governing a defendant's brief in Tex. Code Crim.Proc.Ann. art. 40.09(9) (repealed): "Each ground of error shall briefly refer to that part of the ... proceedings which are designated to be complained of in

such a way so that the point of objection can be clearly identified and understood by the court." Nonetheless, it appears that the new rule has not impeded the courts' ability to overrule a point of error which is multifarious or completely fails adequately to raise its complaint. *See Modden v. State*, 721 S.W.2d 859, 861 n. 2 (Tex.Crim. App.1986); *Stanley v. State*, 727 S.W.2d 785, 788 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

■ The above point of error does not sufficiently direct our attention to any specific complaint. It merely complains generally about appellant's inability to complete discovery, prepare for trial, or "cross-examine the breath intoxillator" (which we take to mean that appellant was denied the opportunity to gather evidence to impeach the results of the intoxilyser test). The argument and authorities provide little clarity to this point. It starts as a general chronology of the pre-trial discovery that appellant attempted and ends with the conclusion that the trial court abused its discretion by forcing appellant to trial before he could complete adequate discovery. The one case cited by appellant, *Quinones v. State*, 592 S.W.2d 933 (Tex.Crim.App.1980), moreover, is not explained by appellant and could relate to a complaint of error either in refusing discovery or in denial of a motion for continuance.

It is understandable that the State felt compelled to reply to appellant's one point of error as if it raised four possible theories. Such vague and multifarious points are unfair to both the State and the appellate court for their lack of notice as to what is actually complained of and they will not be considered on appeal. *See Williams v. State*, 605 S.W.2d 596, 599 (Tex.Crim.App. 1980); *Salinas v. State*, 652 S.W.2d 468 (Tex.App.—Corpus Christi 1983, no pet.); *Enriquez v. State*, 641 S.W.2d 292 (Tex. App.—Corpus Christi 1982, no pet.).

Nevertheless, we will briefly address what we perceive to be appellant's complaints concerning incomplete discovery and denial of his motion for a continuance.

With regard to appellant's possible complaints concerning his inability to conduct

complete discovery, appellant has pointed out no specific claims of error in the trial court's rulings during the discovery process. We, therefore, do not feel compelled to discuss the merits of every action the trial court took in the discovery process. The appellant does not have a general right to discovery of evidence in the possession of the State and Tex.Code Crim.Proc.Ann. art. 39.14 (Vernon 1979) makes it clear that the decision of what is discoverable is committed to the discretion of the trial court. *Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Crim.App.1980). We find no abuse of discretion.

■ Having found that the trial court's rulings were within its discretion, we also hold that such rulings do not constitute "sufficient cause" to justify a continuance under Tex.Code Crim.Proc.Ann. art. 29.03 (Vernon Supp.1988) the Code. Appellant should be prepared for adverse rulings which are within the discretion of the trial court and cannot claim that such rulings "surprised" him for the purpose of obtaining a continuance. The granting or denial of a motion for continuance is vested in the sound discretion of the trial court, and reversal of a judgment is justified only when it is shown the trial court has abused its discretion. *Hernandez v. State*, 643 S.W. 2d 397, 399 (Tex.Crim.App.1982). We hold that the trial court did not abuse its discretion in denying appellant's motion for a continuance. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

DORSEY, Justice, concurring.

I concur with the result reached by the majority; however, I disagree with the majority's conclusions in its disposition of appellant's first point of error that the remedy provided by the statute is the exclusive remedy for its violation under all circumstances.

We have a partial record before us consisting of a portion of the testimony of two prosecution witnesses: the arresting officer and the one who administered the intoxilyzer. There is nothing in the record we have to indicate the videotape would be in any way exculpatory. The record does indicate that videotape machinery was available to the Victoria Police Department, yet they did not videotape this appellant because of some departmental policy. However, the departmental policy is not explored in the record except for a hint that, because of his high intoxilyzer reading, .26 blood alcohol content, Mr. Green was not videotaped.

Section 24, Acts 1983, ch. 303 of Article 6701*l* –1 note mandates that a county with a population in excess of 25,000 purchase and maintain videotaping equipment so that a peace officer arresting a defendant for DWI may visually record the defendant's appearance within a reasonable time after arrest. If the recording is not made, the evidence is forever lost. Under certain circumstances the failure of the State to obey the legislative mandate could be the equivalent of the suppression of material exculpatory evidence that is critical to a fair trial. I am unwilling to agree that the sole remedy available under any and all circumstances is the admission of evidence of the State's violation of its statutory mandate.