**STATE of Texas, Appellant,**

v.

**Eugene YATES, Appellee.**

**No. 09 88 070 CR.**

Court of Appeals of Texas, Beaumont.

April 27, 1989.

Lydia Clay–Jackson and D.C. "Jim" Dozier, Conroe, for the State.

L.T. Bradt, Houston, for appellee.

## OPINION

DIES, Chief Justice.

On February 14, 1987, Appellee was arrested for driving while intoxicated in Montgomery County. The officer requested Appellee to submit to a video, which he refused. During the trial, Appellee reurged his motion to dismiss for failure of the State to video Appellee as required by *TEX.REV.CIV.STAT.ANN. art. 6701l–1* (Vernon Supp.1989). The court granted the motion and dismissed the driving while intoxicated information. The State appeals to this court on the sole point that such dismissal was error. We agree, reverse the action of the trial court, and remand the case for trial.

In 1983 the legislature amended article 6701l–1 with section 24,[1] which requires the following:

> " 'Sec. 24. (a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701l–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05, Penal Code.

> " '(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

> " '(c) The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsec-

---

1. *TEX.REV.CIV.STAT.ANN. art. 6701l–1* note (Vernon Supp.1989). Acts 1983, 68th Leg. p. 1568, 1605, ch. 303, sec. 24, eff. Jan. 1, 1984.

tion (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.' "

So, clearly to us, if the statute allows the admissibility of the failure to video, the failure is a matter of the weight of the evidence. See *Weaver v. State*, 700 S.W.2d 776 (Tex.App.—Fort Worth 1985, pet. ref'd).

Appellee has one "cross-point" which we find to be without merit and it is overruled.

The judgment or order dismissing the information is reversed, and the case is remanded for trial.

Reversed and Remanded