**Howard Edward GRUBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–410–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 18, 1991.

Discretionary Review Refused
Oct. 16, 1991.

Thomas White, Errlinda Castillo, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Terry Shamsie, Elizabeth Ann Landez, Laura Garza Jimenez, Asst. County Attys., Corpus Christi, for appellee.

Before NYE, C.J., and HINOJOSA and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

A jury found appellant guilty of driving while intoxicated. The court assessed his punishment at 90 days in jail and a $500 fine. The jail term was probated. We affirm.

In his first point of error, appellant contends that the trial court erred in overruling his motion for directed verdict because the State failed to establish that he

was *driving* a car as alleged in the information. Specifically, appellant contends that the State failed to corroborate a statement he made at the scene of an accident to establish that he was driving.[1] At the outset, we note that a challenge to a ruling on a motion for directed verdict is in actuality a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990). In reviewing the sufficiency of the evidence, an appellate court considers all the evidence, both State and defense, in the light most favorable to the verdict. *Madden*, 799 S.W.2d at 686. An appellate court is not required to pass on a contention that the evidence was insufficient at the time the State rested its case-in-chief. *Madden*, 799 S.W.2d at 686, n. 3; *Davis v. State*, 440 S.W.2d 291, 293 (Tex.Crim.App.1969); *Bellah v. State*, 415 S.W.2d 418, 420 (Tex. Crim.App.1967).

In the present case, appellant's attack on the sufficiency of the evidence as it relates to his driving the vehicle is limited to the evidence presented during the State's case-in-chief. In making such a complaint, appellant asks, in essence, that we improperly conduct a review of only a portion of the evidence presented at trial. We need not review such a complaint. *Bellah*, 415 S.W.2d at 420. Instead, we review *all of the evidence introduced at trial.* Appellant testified in his own defense. He testified that he was driving his car when, according to him, he applied the brakes and the vehicle jumped to the right, hitting a cement pillar. Accordingly, without regard to appellant's statement to the arresting officer or to the circumstantial evidence showing that he was the driver, direct evidence admitted at trial establishes that appellant was driving. The evidence is sufficient to establish this element of the offense. Appellant's first point of error is overruled.

In his second point, appellant contends that the evidence is insufficient to establish that he was intoxicated. We disagree. Several police officers who responded to the accident site testified that, based on their observations, appellant was intoxicated. The testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex.Crim.App.1979); *Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Crim. App.1977). Appellant's second point of error is overruled.

In his third point of error, appellant contends that the trial court erred in not suppressing a statement which appellant made to the arresting officer. The evidence shows that when Officer Michael Hess arrived at the accident site, nobody was present. Almost immediately, appellant approached from a nearby restaurant. Appellant, a former police officer, and Hess had known each other for about nine years. Before Hess or any other officer asked appellant anything, appellant stated that he had "screwed up" and "had an accident." After being questioned, appellant continued to make statements relating to his activity on the night of the offense. Before trial, appellant moved to suppress all statements appellant made to the officers at the scene.

After hearing appellant's motion to suppress, the trial court suppressed all statements made after "any police officer propounded any question" to appellant, particularly, "What happened?" In accordance with this ruling, Hess was allowed to testify at trial that appellant approached him and said that he had "screwed up" and "had an accident." Appellant now complains about the admission of this statement.

A reviewing court will not disturb any finding on a motion to suppress which

---

1. Appellant relies on a line of "driving while intoxicated" cases which states that extrajudicial admissions must be corroborated. *See, e.g., Coleman v. State*, 704 S.W.2d 511, 512 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd); *Hanson v. State*, 781 S.W.2d 445, 446–47 (Tex.App.— Fort Worth 1989, pet. granted), *abated*, 790 S.W.2d 646 (Tex.Crim.App.1990) (appellant died pending appeal). This line of cases, however, has been questioned. *Folk v. State*, 797 S.W.2d 141, 143–144 (Tex.App.—Austin 1990, pet. ref'd).

is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App. 1980). A statement which is volunteered and not the product of custodial interrogation is admissible.[2] *See Ellerbee v. State*, 631 S.W.2d 480, 484 (Tex.Crim.App.1981); *Galloway v. State*, 778 S.W.2d 110, 111 (Tex.App.—Houston [14th Dist.] 1989, no pet.); *Grant v. State*, 738 S.W.2d 309, 310 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). The record supports the trial court's ruling that appellant said he "screwed up" and had an accident before being questioned. Appellant's third point of error is overruled.

In his fourth point, appellant contends that his above statement should not have been admitted into evidence because Officer Hess could not remember the exact words appellant used. We disagree. The admissibility of a statement does not depend upon the witness' ability to remember the exact words used; any inability to remember affects only the weight to be given the witness' testimony.[3] *See Anzaldua v. State*, 502 S.W.2d 19, 22 (Tex.Crim.App. 1973); *DeLeon v. State*, 500 S.W.2d 862, 866 (Tex.Crim.App.1973). Appellant's fourth point is overruled.

In his fifth and sixth points, appellant contends that error occurred because the arresting officer failed to videotape his appearance after he was arrested. Officer Hess testified that appellant refused to be videotaped; appellant contradicted this testimony. Appellant argues on appeal that videotaping is statutorily required and that the State's failure to videotape his appearance deprived him of due process, the effective assistance of counsel, and the means to preserve exculpatory evidence.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 note, Acts 1983, ch. 303, § 24(a) (Vernon Supp. 1991), requires that each county with a population of 25,000 or more persons provide video equipment for the State to make a visual recording of persons arrested for driving while intoxicated. Nueces County, in which appellant was arrested, is subject to this provision. Article 6701*l*–1 note, Acts 1983, ch. 303, § 24 mandates that video recordings be made of those suspected of driving while intoxicated. *Green v. State*, 745 S.W.2d 477, 478 (Tex.App.—Corpus Christi 1988, pet. ref'd). The statute further provides, however, that if the State fails to visually record a person, then the failure to comply with the statute is admissible in evidence. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 note, Acts 1983, ch. 303, § 24(c) (Vernon Supp.1991). The courts have held that, based upon the language of the statute, the only remedy available for the State's failure to comply with the statute is to make that fact known to the jury. *See Green*, 745 S.W.2d at 478; *Maddox v. State*, 705 S.W.2d 739, 741 (Tex.App.—Houston [1st Dist.] 1986), *abated*, 770 S.W.2d 780 (Tex.Crim.App.1988); *Irion v. State*, 703 S.W.2d 362, 364 (Tex.App.—Austin 1986, no pet.); *Weaver v. State*, 700 S.W.2d 776, 777–78 (Tex.App.—Fort Worth 1985, pet. ref'd). The jury was made fully aware that appellant was not videotaped. Accordingly, no error occurred, even assuming that the State was required to record appellant over his refusal. Appellant's fifth and sixth points are overruled.

In his seventh point of error, appellant contends that he was denied due course of law and effective representation of counsel because the statement of facts does not contain a transcription of a charge conference, if indeed one was held. Appellant concedes that he did not object to the charge as presented to the jury, but he argues that the lack of a charge conference record deprives him of appellate review. We disagree. First, nothing in the record shows that there was a charge conference. Second, nothing shows that appellant requested to have the conference, if any,

---

2. Despite the trial court's ruling, not all police questioning may be classified as "custodial interrogation." *Jones v. State*, 795 S.W.2d 171, 174 n. 3 (Tex.Crim.App.1990). General, routine questions such as "what happened?" do not constitute custodial interrogation.

3. At the pretrial hearing, Hess testified that appellant said, "Yeah, Mike, I screwed up. I had an accident." At trial, Hess testified that appellant said, "Yeah, I screwed up. I know I had an accident." The two statements are not materially different.

recorded. Third, appellant concedes that he had no objections to the charge.

In *Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Crim.App.1980), the Court held that the defendant had to object if bench conferences were not held within the hearing of the reporter or were not recorded. The Court reaffirmed this rule in *Phillips v. State*, 701 S.W.2d 875, 894 (Tex.Crim.App. 1985). The record shows that appellant did not object to the court reporter's failure to record the charge conference, if indeed one occurred, and because appellant admits that he had no objection to the charge, no error occurred. Appellant's seventh point is overruled.

In his eighth point, appellant contends that the written judgment contains errors. The written judgment begins, "This day this cause was called for trial...." It then states that appellant was found guilty by a jury, assessed punishment by the trial court, and placed on probation.

The only date appearing on the written judgment is September 21, 1990. Appellant contends that the case was actually called for trial on September 5, 1990, and should be reformed to reflect this accurate date. Appellant also claims that the judgment contains what purports to be the signature of the jury foreman but that the signature does not comport with the verdict form signature. We have reviewed the judgment and find no necessity to reform it. Tex.Code Crim.Proc.Ann. art. 42.01 (Vernon Supp.1991) sets forth what information the judgment should contain. The article does not require the judgment to state on what date the case was called, nor does it require the jury foreman to sign the judgment. The judgment complies with article 42.01. We find no need to reform the judgment. Appellant's eighth point of error is overruled.

The judgment of the trial court is affirmed.