Joseph Ray **BREWER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46607.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Ralph Taite, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a conviction for the offense of burglary; the punishment, enhanced under Art. 62, Vernon's Ann.P. C., twelve (12) years.

Appellant challenges the sufficiency of the evidence.

The complainant testified that on December 9, 1971, at about 8:00 a.m., she and her husband left their home at 2430 Marjorie Street in Dallas. The rear door of the house was closed but would not lock and could easily be pushed open. The windows were kept closed. When the complainant returned home on December 11 the house had been ransacked and among the items held by the police were her clock and her husband's trousers which she identified.

On the 9th of December at 10:40 a.m., Officers Berry and West of the Dallas Police Department, while on patrol, received a radio dispatch to proceed to 2430 Marjorie. On their arrival, some five minutes later, the officers saw three men walking from the house.

Officer Berry stopped and searched appellant. He found an electric clock, the hands stopped at 10:43, and a pair of trousers. Appellant's co-defendant was in possession of two other articles taken from the house.

Officer West surveyed the house and discovered that a screen had been ripped off and a window broken and raised. The rear door was open.

Muddy footprints were found inside the house. All three of the arrestees had muddy feet.

The court charged the jury on circumstantial evidence and the law of principals.

■ It is well established that where the evidence shows the burglary of a house by someone, the accused's unexplained possession of some or all of the property stolen from such house is sufficient to sustain conviction. Castenada v. State, 491 S.W. 2d 885 (Tex.Cr.App.1973); Hubbard v. State, 490 S.W.2d 849 (Tex.Cr.App.1973).

Appellant's first ground of error is overruled.

■ Appellant next contends "the court erred in not granting a severance after ad-

mitting certain alleged statements of co-defendant Jackson." Such oral motion was made in anticipation that the court would admit certain testimony about a statement from appellant's co-defendant made to the arresting officer. The statement was that a certain pocket comb found outside the burglarized premises belonged to him. This testimony, at most, tended to show that property once in the possession of appellant's co-indictee had been found near the scene of the burglary. We note that when the testimony upon which the motion to sever was based was actually introduced no objection was interposed. The earlier objection was not renewed and the trial court was not given an opportunity to act.

The records of this Court reveal that in Gonzales v. State, 172 Tex.Cr.R. 556, 361 S.W.2d 393 (1962), there were two written motions to exclude the testimony of certain witnesses prior to the time they testified. The trial court overruled a motion and later when the testimony was offered no objections were interposed. This Court said that under such situations nothing was presented for review.

Appellant's second ground of error is overruled.

 In ground of error three appellant contends that there was a variance between the name of the complainant as alleged in the indictment and the proof at the trial. The complainant testified that she was Roxie Parramore, the same name appearing in the indictment. The evidence showed that letters bearing a different named addressee were found in the house. There is no error. Forder v. State, 456 S.W.2d 378 (Tex.Cr.App.1970).

Appellant's third ground of error is overruled.

In his final ground of error, appellant contends that appellant's "pen packet" introduced by the State was inadmissible because it lacked a seal.

Art. 3731a, Vernon's Ann.Civ.St., requires only that the officer having legal

custody of the record attest to it. The State's proof complied with this requirement.

Appellant's final ground of error is overruled.

Finding no reversible error, the judgment is affirmed.