**Freddie Paul HOLMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–780CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 1984.

Wendell Odom, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J. (Retired).

## OPINION

SEARS, Justice.

This is an appeal from a jury conviction for possession of a controlled substance (methamphetamine). Upon a finding of true by the jury to enhancement allegations in the indictment, Appellant was sentenced to life in the Texas Department of Corrections pursuant to TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp. 1984). Appellant asserts the trial court erred in admitting into evidence altered penitentiary packets during the punishment stage of trial. Appellant also challenges the sufficiency of evidence presented to the jury during the punishment stage on grounds that the State failed to prove, as required under the habitual offender statute, that the second prior offense alleged in the enhancement was committed after the first prior conviction became final. We find no error and affirm.

During the punishment stage of the trial the State introduced four penitentiary packets from the Texas Department of Corrections (State's Exhibits 5–8). Each packet contained a custodial attestation and certification cover page and numerous judgments and sentences against Appellant. Appellant objected to Exhibit 5 on grounds that the packet contained a judgment and sentence not reflected within those cause numbers listed on the certification page. The certification page listed as one of the judgments contained within the packet Cause No. 83742, while the actual judgment in the packet was No. 83752. The State proceeded to "white-out" the erroneous cause number on the certification page and excise the mismatched judgment from the packet. Appellant then objected to the

packet on grounds that the packet was no longer self-authenticating under TEX.REV. CIV.STAT.ANN. art. 3731a (Vernon Supp. 1984).

Appellant objected to Exhibits 6 and 7 on grounds that the judgments contained the words "Burglary, Second Offender" when in fact Appellant was convicted of "Burglary." The State "whited-out" the "Second Offender" language and again Appellant objected to the admissibility of altered self-authenticating documents. All three exhibits were admitted over Appellant's objections.

In his first ground of error Appellant asserts the trial court erred in admitting into evidence the altered penitentiary packets that in part formed the basis for a finding of true to the enhancement count.

■ Appellant cites no authority for his proposition that objectionable portions of documents properly authenticated under art. 3731a may not be excised from an exhibit. Accordingly, we need not consider the ground of error. *North Harris County Junior College Dist. v. Fleetwood Construction Co.,* 604 S.W.2d 247 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). However, we note that there is authority for admitting into evidence only part of a writing. TEX.CODE CRIM. PROC.ANN. art. 38.24 (Vernon 1979); *Harrington v. State,* 547 S.W.2d 616 (Tex. Crim.App.1977). In addition, the specific judgments to which Appellant objected were not the two prior convictions alleged in the enhancement. The inconsistencies to which Appellant objected were technical defects and as such were insufficient to render the packets inadmissible. *Brewer v. State,* 500 S.W.2d 149 (Tex.Crim.App.1973). The first ground of error is overruled.

■ In his second ground of error Appellant challenges the sufficiency of evidence presented to the jury on the enhancement. He alleges the State failed to meet its burden of proving a final conviction in the first prior offense before the second prior offense was committed as required under the habitual offender statute. TEX.PE-

NAL CODE ANN. § 12.42(d) (Vernon Supp.1984).

The trial court admitted into evidence both the penitentiary packets containing the judgments and the indictments for the two prior felony convictions cited in the enhancement. State's Exhibit 5 contained a judgment and sentence on June 12, 1958, in Cause No. 83751 for felony theft. This conviction was used by the State as the first prior felony offense in the enhancement. State's Exhibit 8 contained a judgment and sentence on February 26, 1971, in Cause No. 155,557 for possession of heroin. This conviction was used by the State as the second prior felony offense alleged in the enhancement. The State also introduced the indictment for this offense which was filed October 14, 1970. The statute of limitations requires that an indictment for the possession of heroin be filed within three years of the commission of the crime. TEX.CODE CRIM.PROC.ANN. art. 12.-01(4) (Vernon 1977). The State relied on the statute of limitations to prove that since the indictment for the second prior felony was filed on October 14, 1970, the second prior felony offense must itself have been committed on or after October 14, 1967, i.e. *after* the first prior felony became final on June 12, 1958, thus meeting its burden of proof under the habitual offender statute.

Appellant argues, however, that because the jury was not instructed on the statute of limitations, the evidence was insufficient for the jury to find that the first prior felony conviction was final before the second prior felony was committed.

This issue was addressed in *Klasing v. State*, 662 S.W.2d 789 (Tex.App.—Corpus Christi 1983, pet. ref'd). In a fact pattern similar to Appellant's, the court held the requirements of § 12.42(d) were met by presuming the second prior felony conviction was committed after the first became final as evidenced by the indictment for the second prior offense. *Id.* at 793. Thus, the jury instruction was not necessary. The second ground of error is overruled.

The judgment is affirmed.