William REDMON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–227 CR.

Court of Appeals of Texas,
Beaumont.

March 23, 1988.

**532**

Veryl E. Brown, Dayton, for appellant.

Michael R. Little, Dist. Atty. and Jerry E. Andress, First Asst. Dist. Atty., Liberty, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated assault on a peace officer. The jury found that the two enhancement provisions contained in the indictment were true. The jury assessed punishment at thirty-five years in the Texas Department of Corrections. Appeal has been perfected to this court.

First point of error is as follows:

"The trial court committed reversible error by failing to charge the jury on the lesser included offense of reckless conduct."

While the point of error raises "reckless conduct," Appellant's brief discusses simple assault, *TEX.PENAL CODE ANN. sec. 22.01(a)(1)* (Vernon Supp.1988), *TEX.CODE CRIM.PROC.ANN. art. 37.09* (Vernon 1981).

*Royster v. State*, 622 S.W.2d 442, 444 (Tex.Crim.App.1981), quoting from *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882, 888 (1965), states when a lesser offense must be included in a charge:

" 'A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.' " (citations omitted)

On rehearing, Judge Tom Davis, writing for the Court, stated the Texas rule:

"Thus, in determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense...."

622 S.W.2d at 446. *See also Bell v. State*, 693 S.W.2d 434, 439 (Tex.Crim.App.1985).

■ In the case we review, the State made proof that a peace officer was stabbed with a knife by Appellant. Therefore, if believed by the jury, the State made a case of aggravated assault under Section 22.02 of the Penal Code, as amended. However, although admitting he took a swing at a person known as "Wine," Appellant denied any assault whatsoever on the officer and denied having a knife. Therefore, there was no proof of either simple assault or reckless conduct. *Paloma v. State*, 656 S.W.2d 229, 233 (Tex.App.—Austin 1983, no pet.); *Brooks v. State*, 690 S.W.2d 61, 63 (Tex.App.—Houston [14th Dist.] 1985, no pet.). This point of error is overruled.

Second point of error is as follows:

"The trial court committed reversible error in failing to permit counsel to question the Appellant concerning that portion of his in custody statement which the State chose not to introduce into evidence."

■ During the State's case-in-chief, the State introduced part of Appellant's in-custody statement. This, therefore, entitled Appellant to introduce the remainder. *TEX.R.CRIM.EVID. 107.* The edited statement was marked 11–A and read to the jury. The full statement was produced by Appellant's counsel who remarked, "I want to show you what's been marked State's Exhibit 11 which has been introduced into evidence." The prosecutor objected that it had not been introduced into evidence, which was sustained by the trial court. A bench conference was held and the court

advised counsel he could introduce the exhibit if he desired. Thereupon, counsel announced that he would withdraw the exhibit. We therefore have no record of the deleted portion and consequently nothing to review. *Coronado v. State,* 508 S.W.2d 373, 375 (Tex.Crim.App.1974); *TEX.R. CRIM.EVID. 103.* Defense counsel's attempt to elicit from Appellant the content of the deleted portions of his statement and his act in withdrawing the exhibit, after being informed he could introduce it, simply do not satisfy Texas requirements for preserving error. *See Brown v. State,* 438 S.W.2d 926, 928 (Tex.Crim.App.1969); *Elliott v. State,* 475 S.W.2d 239, 241 (Tex.Crim.App.1971); *Rainwater v. State,* 634 S.W.2d 67, 68 (Tex.App.—Fort Worth 1982, no pet.); *Wicker v. State,* 696 S.W.2d 680, 684 (Tex.App.—Dallas 1985), *affirmed,* 740 S.W.2d 779 (Tex.Crim.App.1987). In *Harrington v. State,* 547 S.W.2d 616, 621 (Tex.Crim.App.1977), where the defendant was informed that she had a right to introduce the deleted parts, the Court held that permitting the State to introduce only a part of the confession without requiring that the confession be introduced in its entirety was not error. *See also Adams v. State,* 685 S.W.2d 661, 669 (Tex.Crim.App.1985); *Holmes v. State,* 681 S.W.2d 812, 813 (Tex.App.—Houston [14th Dist.] 1984, no pet.). This point of error is overruled.

■ Points of error numbers three, four, and five all relate to the instruction regarding parole as authorized by *TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4* (Vernon Supp.1988) which was held unconstitutional in *Rose v. State,* No. 193–87 (Tex.Crim., Nov. 12, 1987) (not yet reported). However, Appellant did not object to the charge so, as we understand *Rose* and *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App.1985), we must determine if the error was "egregious." Appellant admits having been convicted of three prior felonies. There was evidence of his bad reputation. He could have been tried as a habitual offender and the jury could have sentenced him to ninety-nine years imprisonment. *TEX.PENAL CODE ANN. sec. 12.42(d)* (Vernon Supp.1988). Instead, he was sentenced to thirty-five years. We conclude the error was not "egregious" and thus overrule this point of error.

Appellant's sixth point of error states: "The trial court committed reversible error in failing to suppress Appellant's in-custody written statement, where the same was coerced and given involuntarily by the Appellant."

■ The trial court conducted a *Jackson v. Denno* hearing outside the presence of the jury in which evidence was presented concerning both sides of this point of error. The trial court ruled contrary to Appellant. As the trier of fact, the trial court was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Burks v. State,* 583 S.W.2d 389, 393 (Tex.Crim.App.1979), *cert. denied,* 448 U.S. 907, 100 S.Ct. 3050, 65 L.Ed.2d 1136 (1980); *White v. State,* 591 S.W.2d 851, 860 (Tex.Crim.App.1979). Coercive acts were not undisputed here as in *Farr v. State,* 519 S.W.2d 876 (Tex.Crim.App.1975), and *Sherman v. State,* 532 S.W.2d 634 (Tex.Crim.App.1976). This point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.