905 S.W.2d 665 (1995)
Reginald Earl WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 14-93-00342-CR.
Court of Appeals of Texas, Houston (14th Dist.).
July 27, 1995.
Discretionary Review Refused November 15, 1995.
*667 Michael Fosher, Houston, for appellant.
Alan Curry, Houston, for appellee.
Before YATES, FOWLER and CANNON[*], JJ.

OPINION
CANNON, Justice (Assigned).
Appellant entered a plea of not guilty before a jury to the offense of possession of cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.115(a, b) (Vernon 1992). The jury found him guilty and the court assessed punishment at confinement for twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises seven points of error. We affirm the judgment of the trial court.
On December 10, 1992, Houston Police Officers Kraig A. Buchanan and Steve C. Rowan spotted appellant walking alone on Ledwiecke Street. When the officers were about fifteen feet from appellant, they saw him throw something down on the ground. The officers stopped their patrol car to see what appellant had dropped. While Officer Rowan detained appellant for littering, Officer Buchanan retrieved the object which was a straight shooter or crack pipe. A field test on the pipe was positive for cocaine. A subsequent chemical analysis determined the pipe contained 24.2 milligrams of pure cocaine.
In his first point of error, appellant contends the trial court erred by failing to include a definition of cocaine in the jury charge. Appellant requested a definition that instructed the jury to acquit appellant if the substance was a counterfeit or simulated substance. The only evidence presented at the trial, however, was the chemist's testimony for the State which showed that the pipe contained 24.2 milligrams of cocaine. Appellant did not present any evidence to raise an issue as to whether the pipe contained a counterfeit or simulated substance. When an issue is not raised by the evidence, the trial court properly refuses a request for a definition or instruction on that issue. Brooks v. State, 642 S.W.2d 791, 799 (Tex. Crim.App.1982). Because there was no evidence to support appellant's claim that the substance was a counterfeit or simulated substance, the trial court did not err by refusing to submit the definition of cocaine in the jury charge. We overrule appellant's first point of error.
In his second point of error, appellant contends there was insufficient evidence to show the substance was cocaine. When reviewing the sufficiency of the evidence, we must consider the evidence in the light most favorable to the verdict and decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Hilton v. State, 879 S.W.2d 74, 79 (Tex.App.Houston [14th Dist.] 1994, no pet.). Upon reviewing the evidence in the light most favorable to the verdict, the State presented sufficient evidence for a rational juror to conclude that the crack pipe contained cocaine. The field test and the chemist's analysis both indicated that the substance in the pipe was cocaine. Appellant presented no controverting evidence. Because the State presented sufficient evidence to show the substance was cocaine, we overrule appellant's second point of error.
In his third point of error, appellant contends the trial court erred by allowing the prosecutor to argue, "You find him not guilty, all you have got to do in a situation, the police catch you with some cocaine is to bring one of your friends to court, get him up there and tell him you didn't throw down and not guilty." Appellant asserts that this argument was improper because it was neither rebuttal nor a reasonable deduction from the evidence. Brown v. State, 692 S.W.2d 497, 502 (Tex.Crim.App.1985). Appellant waived any error concerning this argument by failing to object at trial. Adams v. State, 813 S.W.2d 698, 699 (Tex.App.Houston [1st *668 Dist.] 1991, pet. ref'd); Tex.R.App.P. 52(a). Because appellant waived error, we overrule appellant's third point of error.
In his fourth through seventh points of error, appellant contends the trial court erred by admitting documents from the Institutional Division of the Texas Department of Criminal Justice, which are commonly referred to as "penitentiary packets." Appellant, however, pled "true" to the enhancement paragraphs and thus admitted all the evidence contained therein. Because he pled "true," appellant waived error in the admission of the pen packets. Wilson v. State, 671 S.W.2d 524, 525 (Tex.Crim.App.1984). We therefore can summarily overrule appellant's fourth through seventh points of error.
However, because we wish to clarify the continuing confusion on the issue of certification of pen packets, we will address appellant's points on their merits. We hold that the State properly presented the pen packets in this case. In his fourth point of error, appellant contends the trial court erred by admitting the pen packets without sufficient authentication because the packet was only certified by the record clerk from the Texas Department of Criminal Justice Institutional Division. The Texas Court of Criminal Appeals has specifically held that the certification of a penitentiary packet by the record clerk of the Institutional Division of the Texas Department of Criminal Justice is proper authentication under Tex.R.Crim. Evid. 902(4). Reed v. State, 811 S.W.2d 582, 587 (Tex.Crim.App.1991). Because the pen packets were properly certified the trial court did not err in admitting them and we overrule appellant's fourth point of error.
Appellant also contends in his fifth point of error the trial court erred in admitting the pen packets because they contained hearsay within hearsay. Appellant's attorney however did not make a specific objection to the portions of the evidence that should have been excluded as hearsay within hearsay. Because he did not make a specific objection, appellant did not preserve error for review. Foster v. State, 779 S.W.2d 845, 858-59 (Tex.Crim.App.1989). Further, even if the pen packets included hearsay within hearsay, because appellant did not make a specific objection, the trial court was not required to sort through the evidence to determine if some part was objectionable. Without a specific objection, the trial court could properly admit the entire pen packets. Jones v. State, 843 S.W.2d 487, 492 (Tex. Crim.App.1992). Because the appellant did not make a proper objection, the trial court did not err in admitting the pen packets and we overrule appellant's fifth point of error.
Appellant also contends in his sixth point of error that the trial court erred in admitting the pen packets because they were not the best evidence of appellant's prior convictions. Tex.R.Crim.Evid. 1005. Appellant contends the original judgments and sentence or copies were the "best evidence." As noted earlier, the Court of Criminal Appeals has held that a pen packet certified by the record clerk of the Institutional Division of the Texas Department of Criminal Justice is admissible evidence. Reed, 811 S.W.2d at 587. Furthermore, this court has previously held that these packets are admissible under the "best evidence" rule, Tex.R.Crim.Evid. 1005. Gonzales v. State, 831 S.W.2d 491, 493 (Tex.App.Houston [14th Dist.] 1992, pet. ref'd). Because the "best evidence" rule does not exclude the admission of the pen packets, we overrule sixth point of error.
In his seventh point of error, appellant contends the trial court erred in admitting the pen packets because there was insufficient evidence to support the first enhancement paragraph in the indictment. Appellant correctly notes that the certification by the Records Clerk from the Institutional Division of the Texas Department of Criminal Justice refers to a different cause number than alleged in the indictment. Appellant alleges because of that clerical error that there was no authentication for cause number 574,833 and that there was insufficient evidence to support the admission of that pen packet. A technical defect such as the improper case number is insufficient to render the packets inadmissible. Holmes v. State, 681 S.W.2d 812, 813 (Tex.App.Houston [14th Dist.] 1984, no pet.). The incorrect pen packet number on the authentication was simply a technical defect. The materials *669 within the packet, including the judgment, showed the crime appellant committed, the date of the offense, and the sentence. This was sufficient evidence to support the first enhancement paragraph in the indictment. Because the improper authentication was a mere technical defect, we overrule appellant's seventh point of error.
We affirm the judgment of the trial court.
NOTES
[*] The Honorable Bill Cannon sitting by assignment.