Blas A. ENRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00177–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 1999.

Rehearing Overruled March 25, 1999.

Gilbert A. Villarreal, Houston, for appellants.

Rikke Burke Graber, Houston, for appellees.

Panel consists of Justices AMIDEI, EDELMAN and WITTIG.

## MAJORITY OPINION

DON WITTIG, Justice.

Appellant, Blas A. Enriquez, pled not guilty in a trial before a jury to the offense of delivery of marijuana in an amount of over five hundred pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120(a), (b)(5) (Vernon Supp.1999). He was convicted, and after appellant pled "true" to two enhancement paragraphs, the trial court assessed punishment at forty years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant asserts three points of error. Two points challenge the sufficiency of the evidence to support his conviction, and in his final point of error, he contends the trial committed reversible error by failing to instruct the jury on a lesser included offense. We reverse and remand for a new trial consistent with this opinion.

### Background

Narcotics officers discovered a large box alleged to contain approximately five hundred pounds of marijuana. The officers maintained surveillance on the box and orchestrated a controlled delivery. On November 18, 1994, two males arrived at Central Freight with a U–Haul trailer and signed for the box as "Jose Sanchez." However, the two men left Central Freight without the box, and as they left, they performed defensive driving maneuvers apparently designed to detect any possible pursuers.

On December 2, two men arrived to receive the box, but were unsuccessful because the box was too large for their trunk. A short while later, appellant arrived at Central Freight as the driver of a pickup truck with

the other two men. Central Freight employees used a forklift to load the box onto the bed of the truck. Leaving the Central Freight parking lot, the box fell out of the truck. Appellant stopped, and all three men lifted the box back into the truck.

Officers, involved in the surveillance of the box, followed the truck for approximately fifteen minutes while appellant continuously drove in a defensive manner. The three finally stopped and went into a bar. A short while later, appellant and his two companions appeared with two more men. Appellant and his companions left in the truck followed by the two additional men in another vehicle. Both vehicles proceeded to another bar using defensive driving techniques. They parked both vehicles in the alley and went into the bar. A short while later, they exited the bar. A van from the parking lot backed into the alley next to the bed of the truck. While appellant and the other individuals started loading the box into the van, the officers approached and arrested appellant and the other individuals.

### Analysis

#### Sufficiency of the Evidence

In his first and second points of error, appellant contends the evidence was legally and factually insufficient to support his conviction because the evidence fails to affirmatively link him to the marijuana. Specifically, appellant argues that he did not knowingly possess the marijuana.

We address appellant's legal sufficiency point first. When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State,* 944 S.W.2d 642, 647 (Tex. Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclu-

sive province of the fact finder. *Id.* This standard of review is the same for both direct and circumstantial evidence cases. *See Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

In the present case, the State must prove beyond a reasonable doubt that appellant (1) knowingly or intentionally (2) delivered (3) marijuana (4) in an amount of fifty pounds or more but less than two thousand pounds. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.120(a), (b)(5) (Vernon Supp. 1999). The only element appellant contends is not proven beyond a reasonable doubt is his intent or knowledge. To establish appellant's intent or knowledge, the evidence must show an affirmative link between appellant and the drugs he possessed, but this link need not exclude all other reasonable hypothesis except the appellant's guilt. *See Brown v. State,* 911 S.W.2d 744, 748 (Tex.Crim.App. 1995). In other words, the evidence, direct or circumstantial, must demonstrate appellant exercised control, care, or management over the marijuana and knowingly possessed it. *See Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Hurtado v. State,* 881 S.W.2d 738, 743 (Tex.App.—Houston [1 st Dist.] 1994, pet. ref'd).

The evidence presented to the jury established that: (1) appellant was the driver of the pickup truck; (2) appellant and two other men received the box from Central Freight; (3) they placed the box in the truck; (4) appellant drove in a defensive manner to detect unwelcome pursuers; (5) appellant met additional individuals who followed his truck to an alley; (6) another individual positioned a van near the back of his truck to facilitate a transfer of the box; (7) appellant helped in the transfer of the box from the truck to the van; (8) the box allegedly contained as many as 105 separate packages of marijuana. This type of evidence has been recognized as sufficient to establish an affirmative link between an accused and his contraband. *See Washington v. State,* 902 S.W.2d 649, 652 (Tex.App.—Houston [14 th Dist.] 1995, pet. ref'd); *see also Gilbert v. State,* 874 S.W.2d 290, 297 (Tex.App.—Houston [1 st Dist.] 1994, pet. ref'd) (recognizing thirteen illustrative factors to establish an

affirmative link). We are not free to re-evaluate the weight and credibility of the evidence but only ensure that the trier of fact reached a rational decision. *See Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App. 1993). Reviewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could find that appellant had knowledge of or the intent to possess the marijuana. Accordingly, we overrule appellant's first point of error.

Next, we consider whether the evidence was factually sufficient to support the verdict. When reviewing the factual sufficiency of the evidence, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so "contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Although we are authorized to disagree with the verdict, a factual sufficiency review must be appropriately deferential so as to avoid substituting our judgment for that of the trier of fact. *Id.* at 133.

As set forth above, the weight of the credible evidence establishes that appellant knew of the marijuana's presence in the box located in his truck. Consequently, we overrule his second point of error.

## Lesser Included Offense

In his final point of error, appellant asserts the trial court committed reversible error by failing to submit an instruction on a lesser included offense. Specifically, he contends that he was entitled to an instruction that he only possessed marijuana in an amount of 50 pounds or less but more than 5 pounds. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.120(a), (b)(4).

An instruction on a lesser included offense must be submitted if the two prong *Royster–Rousseau* test is satisfied: (1) the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must

exist that if the defendant is guilty, he is guilty only of the lesser offense. *Arevalo v. State,* 970 S.W.2d 547, 548 (Tex.Crim.App. 1998); *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App.1993); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981). In making this determination, an appellate court must review all the evidence presented at trial. *See Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App.1994). If more than a scintilla of the evidence from any source raises the issue that the defendant is guilty of only the lesser included offense, the instruction must be submitted. *Id.* This standard is almost the opposite of legal sufficiency, where we only look to the evidence that supports the verdict. *See Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995).

The state concedes that delivery of more than 5 pounds but less than 50 pounds of marijuana is a lesser included offense of delivery of 50 pounds or more but less than 2000 pounds; therefore, the first part of the *Royster–Rousseau* test is satisfied. Hence, the only issue remaining is whether *any evidence* exists in the record that would permit a rational jury to find that appellant is only guilty of delivery of more than 5 pounds but less than 50 pounds of marijuana. *Bignall,* 887 S.W.2d at 23.

In *Gabriel v. State,* the issue was whether the evidence was legally sufficient to show appellant possessed cocaine in an amount greater than 28 grams where only 2.237 grams were tested.[1] *See Gabriel v. State,* 900 S.W.2d 721, 721 (Tex.Crim.App.1995) (en banc). Although the standard of review in *Gabriel* is different than the one we must apply, the facts and the court's reasoning are instructive.

In *Gabriel,* the evidence revealed the chemist tested five of fifty-four baggies and found their contents to be cocaine; she visually inspected all the baggies and found the baggies and their contents to be virtually identical to the five baggies tested; and the

---

1. The *Gabriel* court reviewed the evidence in the light most favorable to the verdict. *Id.* at 722. However, our review as previously indicated is to examine all the evidence to determine if more

than a scintilla of the evidence supports the inclusion of the instruction. *See Bignall,* 887 S.W.2d at 23.

total weight of the substance seized was within the range alleged. The court recognized that the "manner of testing the substances by random sampling goes only to the weight the jury may give to the tested substance in determining that the untested substance is the same as the tested substance." *Id.* at 722. In viewing the evidence in the light most favorable to the verdict, the court held '[i]t was rational for the factfinder [sic] to conclude that identically packaged substances, which appear to be the same, are in fact the same substance." *Id.*

■ Here, the evidence presented to the jury established that: (1)105 bundles were recovered; (2) Lind, the chemist, did not chemically test the contents of each bundle or even unwrap the bundles to make a visual inspection of their contents; (3) the bundles varied in weight anywhere between three to eight pounds; (4) the bundles appeared to be completely different because they were wrapped in either blue, white, or black and white checkered plastic; (5) all three of the different types of plastic coverings were opaque; and (5) Lind only testified with certainty that she opened, examined, and chemically tested the contents of one bundle weighing 7.44 pounds. This evidence is significantly less specific than the evidence presented in *Gabriel* concerning the method and manner used to test the alleged contraband. *Id.*

The manner of sampling goes directly to the weight that a jury may give that an untested substance is the same as a tested substance. *Id.* Thus, if the jury is inclined to believe that the untested substance is either unknown or not the same as the tested substance due to an inadequate sampling or investigation, the jury is free to do so. In reviewing all the evidence, there is evidence that only 7.44 pounds of marijuana was present. Therefore, some evidence existed that if appellant is guilty, then he is only guilty of lesser included offense.[2]

We hold that the trial court erred by not submitting an instruction on the lesser included offense. Accordingly, we reverse this case for a new trial consistent with this opinion.

RICHARD H. EDELMAN, Justice, dissenting.

A lesser-included offense instruction is required only where some evidence exists in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty of only the lesser offense. *See, e.g., Skinner v. State,* 956 S.W.2d 532, 543 (Tex. Crim.App.1997), *cert. denied,* — U.S. —, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998). However, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *See id.* Rather, there must be some evidence directly germane to a lesser-included offense for the fact finder to consider before an instruction on it is warranted. *See id.* Evidence may indicate a defendant is guilty of only the lesser offense if: (1) there is evidence which refutes or negates evidence establishing the greater offense; or (2) the evidence presented is subject to different interpretations. *See Saunders v. State,* 840 S.W.2d 390, 391–92 (Tex.Crim.App. 1992).

---

2. It seems to us the necessity of the retrial of this case perhaps could have been avoided. First, the trial judge could have simply instructed on the lesser included offense. Secondly, lucid expert testimony could have eliminated the need for inclusion of the lesser included charge. Expert testimony employing sampling techniques constitutes the usual method of proof in contraband cases. *Washington v. State,* 905 S.W.2d 665, 667 (Tex.App.—Houston [14th Dist.] 1995, no writ). Here, the expert went into meticulous and professional detail concerning the weight of each package. She performed a tare on two or three packages. However, when called upon to testify about the contents of the various packages, she thought perhaps she "sampled some," was not sure how many, yet confidently remem-

bered testing the one package introduced into evidence. The remaining packages were not introduced into evidence. She equivocated as to the number of packages tested or opened, perhaps two, perhaps three, perhaps more. She neither tested samples from the variously colored packages nor did she test from amongst the various weights. How many packages she opened is unknown. Therefore, there was no way for her to have inspected the contents in order to verify and testify concerning the similarity of the sample tested and the remaining packages. While she referred to her notes, they were neither used to refresh the expert's failed memory nor were they proven up as business or official records.

As the majority opinion correctly observes: (1) the central issue on this point of error is whether there is any evidence that would permit a rational jury to find that appellant was guilty of delivery of only more than five pounds but less than 50 pounds of marijuana; and (2) the manner of sampling and testing the bundles goes only to the weight, and not the sufficiency, of the evidence that the untested substance was the same as the tested substance.

The box in question contained 105 bundles of varying weights and wrapped in various colored opaque plastic. The chemist testified that she examined and tested the contents of one bundle weighing 7.44 pounds. The evidence was thus sufficient to support an inference that the untested bundles also contained marijuana, and appellant does not challenge the legal sufficiency of the evidence to support his conviction for the alleged quantity.

The majority opinion states that: (a) the jury was free to believe that the contents of the untested bundles was either unknown or was not marijuana due to inadequate sampling or investigation; and (b) there was evidence that only 7.44 pounds of marijuana was present and, thus, some evidence that if appellant was guilty, he was guilty of only the lesser-included offense of possessing the smaller quantity of marijuana. I disagree with this conclusion for two reasons.

First, as noted above, a lesser-included offense is not required merely because a jury may reject some of the evidence of the greater offense. Therefore, the fact that the jury could decline to infer that the untested bundles were marijuana does not satisfy the test.

Second, according to what is reflected in the majority opinion, there is only evidence, albeit circumstantial, that the untested bundles *were* marijuana. The majority opinion cites no evidence to support a contrary inference or interpretation that any of the remaining bundles contained no marijuana or contained anything besides marijuana or that the tested bundle was the only one that did contain marijuana. Therefore, there is only evidence that appellant is guilty of possessing the greater quantity of marijuana and no evidence that, if appellant is guilty, he is guilty of possessing only the smaller quanti-ty. Accordingly, I would not reverse appellant's conviction for the lack of an instruction on the lesser-included offense.