In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-11-00485-CR

**GLIDDON WILLIAM DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-02-02089-CR**

## MEMORANDUM OPINION

Gliddon William Davis appeals his conviction and fifty-five year sentence for driving while intoxicated. In three issues, he contends: (1) the trial court erred in denying his motion to suppress evidence seized as a result of a citizens' arrest; (2) the trial court erred in admitting penitentiary packets that were altered after certification; and (3) legally insufficient evidence supports the deadly weapon finding. We affirm the trial court's judgment.

1

Motion to Suppress

Michael Allen observed Davis' vehicle weaving and watched "a couple near miss and hits of other vehicles" nearby. According to Michael, Davis came within "inches" of striking a vehicle that was turning into an apartment complex. Michael's wife, Tracy Allen, was following her husband in another vehicle and was speaking with him on the phone. She observed oncoming vehicles veer to avoid Davis' vehicle and decided to call for law enforcement. After watching Davis almost strike a stop sign, Tracy pulled her truck in front of Davis and slowed until he was forced to stop. She took his keys and asked for his drivers' license. She smelled alcohol and noticed Davis slurred his speech. When she told him the police were on their way, he inserted another key in the ignition and "took off." Michael followed Davis until Davis ran his vehicle into a ditch. Tracy stated that she assumed Davis was intoxicated "by the way he was driving[.]" Trooper William Smith arrived, conducted field sobriety tests, and arrested Davis.

Texas' statutory exclusionary rule applies to evidence illegally obtained by an "officer or other person." *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). Consequently, the exclusionary rule will apply to a seizure conducted in violation of the state or federal constitutions or law by either a police officer or a private citizen. *Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007).

2

"Conversely, if an officer may search or seize someone under the particular circumstances, then the private citizen's equivalent conduct does not independently invoke the Texas exclusionary rule, and the evidence obtained by either the officer or the private person may be admissible." *Id.* A seizure may be made by a citizen with probable cause to believe a person is driving while intoxicated and presents a threat to the public peace. *Id.* at 41-42.

Davis argues that the Allens lacked probable cause to conduct a citizens' arrest. He also argues that if an arrest was authorized, the Allens drove recklessly and consequently failed to conduct the arrest in a lawful manner.

Davis filed a motion to suppress after the Allens and Trooper Smith testified. In essence, a pretrial motion to suppress evidence is "nothing more than a specialized objection" that may but is not required to be raised before trial. *Montalvo v. State*, 846 S.W.2d 133, 137 (Tex. App.—Austin 1993, no pet.). To preserve error in the admission of evidence subject to a motion to suppress, however, the objection must be made before the evidence is admitted at trial. *Sanders v. State*, 387 S.W.3d 680, 686 (Tex. App.—Texarkana 2012, pet. struck). A defendant must object and obtain a ruling at the earliest opportunity or he waives error. *Thomas v.* State, 884 S.W.2d 215, 216-17 (Tex. App.—El Paso 1994, pet. ref'd). Unless the defendant has filed a motion to suppress and the trial court

instructs the defendant to wait to present the motion at a later time, error is not preserved by a ruling on a motion to suppress presented after the evidence has been brought before the jury. *See Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). Davis failed to preserve error on the issue presented on appeal. *See* Tex. R. App. P. 33.1. We overrule issue one.

Admissibility of Penitentiary Packets

In issue two, Davis contends that the trial court erred in overruling his objection to the admission of the penitentiary packets used by the State to prove Davis' prior convictions.[1] The State offered five penitentiary packets as evidence in punishment. The trial court sustained Davis' objection. In a hearing outside the presence of the jury, the State's latent print examiner explained to the trial court that when he performed the fingerprint comparison, he initialed the fingerprint pages for purposes of identification when he testified at trial. On three of the documents, other marks had evidently been made by another fingerprint examiner in preparation for trial. Davis objected that the penitentiary packets were not properly authenticated, that the marks bolstered the fingerprint examiner's testimony, and that not having all persons who made marks on the packets testify

---

[1] Davis stipulated to two prior convictions in the guilt phase of the trial. This issue concerns a series of penitentiary packets admitted into evidence during the trial's punishment phase.

violated his right of confrontation. The trial court overruled Davis' renewed objections. The penitentiary packets that had been marked only by the fingerprint examiner who was present for trial were published to the jury, and redacted penitentiary packets were published to the jury for those that had been marked by a person who did not appear and testify at trial. Neither the State nor the defense questioned the testifying fingerprint examiner about the marks he made on the documents.

The trial court found the packets were certified. *See* Tex. R. Evid. 902(4). Certified penitentiary packets are self-authenticated. Tex. Code Crim. Proc. Ann. art. 42.09, § 8(b) (West Supp. 2012). Authentication may also be established by evidence sufficient to support a finding that the matter in question is what the proponent claims. Tex. R. Evid. 901(a). In *Holmes v. State*, the defendant objected that the penitentiary packet was no longer self-authenticating after the prosecutor used correction fluid and a pen to change the case number on the certification page. 681 S.W.2d 812, 813 (Tex. App.—Houston [14th Dist.] 1984, no pet.). Noting "there is authority for admitting into evidence only part of a writing[,]" the appellate court held the trial court did not err in admitting the altered penitentiary packets. *Id.*

There is no dispute here that the penitentiary packets were properly certified at the Texas Department of Criminal Justice. Davis argues that the penitentiary packets were not properly authenticated because they were altered after they were certified. The authority he cites, *Bobo v. State*, concerns a prosecutor's alteration of a penitentiary packet by the addition of a fingerprint certification document. 805 S.W.2d 493, 497 (Tex. App.—Houston [14th Dist.] 1991), *rev'd on other grounds*, 843 S.W.2d 572 (Tex. Crim. App. 1992). The State conceded error and the case was remanded for a new punishment hearing. *Id.* at 497. Here, the fingerprint examiner initialed the fingerprint page so that when he testified at trial he could identify the page as one on which he had performed a comparison. The fingerprints in the packets were unaltered and none of the information in the packets was changed. Under these circumstances, the trial court could conclude that the presence of the fingerprint examiner's initials on the documents went to the weight of the document and not to its admissibility. *See generally Robinson v. State*, 739 S.W.2d 795, 801-02 (Tex. Crim. App. 1987) (noting a complaint directed to the accuracy of a judgment in a properly certified pen packet affects the weight of the evidence only and not its admissibility).

Davis also argues that admission of the penitentiary packets violated his right of confrontation. *See Bullcoming v. New Mexico*, __ U.S. __, 131 S. Ct.

2705, 2710, 180 L. Ed. 2d 610 (2011) (holding defendant had a right to confront the analyst who certified a blood-alcohol analysis report and report was testimonial within the meaning of the Confrontation Clause). "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). No Confrontation Clause violation arose from the markings that were made by the fingerprint examiner who testified during the trial. *See id.* Davis complains that other marks were made by unknown individuals, but those marks were redacted from the exhibits before they were published to the jury. Davis has not identified any testimonial statement of a person who did not appear for cross-examination at trial on an exhibit that was published to the jury.[2] *See id.* We overrule issue two.

Sufficiency of the Evidence

In issue three, Davis challenges the sufficiency of the evidence to support the jury's deadly weapon finding. We must determine whether, viewing the

---

[2] The State did not violate Davis' confrontation rights by failing to produce the witness for the hearing on the admissibility of the penitentiary packets. *See Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd) (noting the Confrontation Clause does not apply to preliminary hearings); *see also Ford v. State*, 305 S.W.3d 530, 534-36, 541 (Tex. Crim. App. 2009) (holding trial court could consider an unsworn police report over the defendant's Confrontation Clause objection in a hearing conducted pursuant to article 28.01 of the Texas Code of Criminal Procedure).

7

evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Davis used or exhibited his motor vehicle as a deadly weapon when he was driving while intoxicated. *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). "[F]irst, we evaluate the manner in which the defendant used the motor vehicle during the felony; and second, we consider whether, during the felony, the motor vehicle was capable of causing death or serious bodily injury." *Id*. The danger posed to motorists must be actual. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).

Michael stated that Davis was weaving, had "a couple near miss and hits of other vehicles" nearby, and came within "inches" of striking a vehicle that was turning into an apartment complex. Tracy watched oncoming vehicles veer to avoid Davis' vehicle and saw Davis almost strike a stop sign. Davis eventually drove into a ditch. The manner in which Davis was driving while he was intoxicated posed a real danger because another motorist had to take evasive action to avoid a head-on collision and Davis drove off of the roadway. *See id.* at 799. The jury could rationally find beyond a reasonable doubt that during the commission of the felony, the motor vehicle was capable of causing death or serious bodily injury. *See Sierra*, 280 S.W.3d at 255-56. We overrule issue three and affirm the trial court's judgment.

8

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 19, 2013
Opinion Delivered August 28, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

9